NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIAN CHANG LIN,<br><br>               Plaintiff,<br><br>v.<br><br>DIM SUM VILLA LLC et al.,<br><br>               Defendants. | Civil Action No.: 2:16-cv-05626<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court upon the letter of Defendants Dim Sum Villa LLC and Emily Kei (collectively, "Defendants") to approve the settlement reached between the parties in September 2017 (the "Settlement Agreement"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). It appearing that:

1. Plaintiff is a former employee of Defendant Dim Sum Villa LLC, a limited liability company that operates a "Chinese dim sum restaurant" in New Providence, New Jersey. (ECF Nos. 6 ¶¶ 8, 31; 4 at 1). Defendant Emily Kei is the owner/operator of Dim Sum Villa LLC, and her responsibilities included "establish[ing] work schedules and work load of the employees, maintain[ing] employee records, and [having] the authority to hire and fire employees." (ECF No. 6 ¶¶ 15-16). "From December 20, 2014 to August 2, 2015, Plaintiff Jian Chang Lin was employed by Dim Sum Villa LLC." (*Id.* ¶ 8).

2. On September 15, 2016, Plaintiff filed a Complaint against Defendants in this Court. (ECF No. 1). On October 13, 2016, Plaintiff filed an Amended Complaint against Defendants. (ECF No. 6). On October 27, 2016, Defendants filed an answer. (ECF No. 7). The parties subsequently engaged in a number of scheduling conferences, and received a pre-trial

1

scheduling order. (ECF No. 13). Plaintiff also filed a class certification motion on April 21, 2017, (ECF No. 15), which Defendants opposed. (ECF No. 18). After limited discovery and various settlement conferences, the parties reported that they had reached a settlement, and the case was administratively terminated for 60 days pending the submission of a final settlement agreement. (ECF No. 26).

3. Plaintiff contends that Defendants did not pay Plaintiff the statutory minimum wage for some or all of the hours that Plaintiff worked. Additionally, Plaintiff maintains that Defendants did not pay Plaintiff for Plaintiff's overtime hours worked. Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, *et seq.*

4. The Court approves the parties' settlement because the compromise reached (1) resolves a bona fide dispute; (2) is fair and reasonable to Plaintiff; and (3) will not frustrate the implementation of the FLSA in the workplace. Further, the Court approves the Settlement Agreement's provision for payment of attorneys' fees as reasonable. In exchange for a general release from Plaintiff, Defendants will pay Plaintiff a total of $16,500, inclusive of attorneys' fees and costs. (ECF No. 27-1 at 1). Plaintiff will receive a total of $10,650.10 and Defendants will pay $5,849.90 in attorneys' fees. (*Id.*).

5. First, the compromise reached resolves a bona fide dispute as to Plaintiff's ability to recover unpaid wages. Plaintiff alleges that Defendants failed to compensate Plaintiff at the statutory minimum wage and that Defendants failed to compensate Plaintiff for overtime hours worked. In contrast, Defendants deny both of these allegations. Defendants continue to dispute the merits of all claims, including Plaintiff's claim for unpaid wages. For these reasons, there is a bona fide dispute between the parties.

2

6. Second, the settlement agreement is fair and reasonable to Plaintiff. Under the terms of the settlement, Defendants will pay $16,500 to Plaintiff, inclusive of attorneys' fees, which is more than Plaintiff's estimated amount of unpaid wages, which is approximately $13,545.21. (ECF No. 28-1 at 2). Further, Plaintiff acknowledges in the Settlement Agreement that after careful and informed consideration, Plaintiff accepted the terms of the settlement as a reasonable compromise for Plaintiff's claims, including Plaintiff's claim for unpaid wages. Additionally, the Court notes that there is no evidence of fraud or collusion on behalf of Defendants. All parties have been represented by counsel in this litigation and negotiations were at arms' length.

7. The Court also approves the Settlement Agreement's provision for payment of attorneys' fees in the amount of $5,849.90. "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit[.]" *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *See In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); *see also Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). Plaintiff's counsel's fees and costs in this case amount to $17,002.30. (ECF No. 28-2 at 2). The Settlement Agreement's provision for payment of $5,849.90 in attorneys' fees represents approximately 35.5 percent of the total settlement amount and, thus, falls within the range of reasonable allocations in the context of awards granted in other, similar cases. Further, a lodestar cross-check supports counsel's fee request because counsel has spent 50.70 hours prosecuting this case, amounting to a

lodestar of approximately $16,477.50. (*Id.*). This amount exceeds the Settlement Agreement's provision for payment of $5,849.90. Accordingly, the Court finds the $5,849.90 award of attorneys' fees is not excessive and therefore approves the Settlement Agreement's provision for payment of attorneys' fees.

Accordingly, **IT IS** on this 9 day of November, 2017

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED;" it is further

**ORDERED** that the parties' jointly submitted Settlement Agreement is hereby **APPROVED** as to all of the terms of the agreement; it is further

**ORDERED** that the Settlement Agreement's provision for payment of attorneys' fees is hereby **APPROVED**; it is further

**ORDERED** that the parties shall comply with all deadlines and terms in the Settlement Agreement; it is further;

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the file.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**